IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY BOCZKOWSKI, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 20-312 |
| | ) | District Judge Arthur J. Schwab/ |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| ROBERT GILMORE, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM ORDER**

Timothy Boczkowski ("Petitioner") has filed a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, (the "Petition"), seeking to attack his state court conviction for first degree murder of his second wife, after having been convicted of the murder of his first wife.

The case was referred to Magistrate Judge Maureen Kelly in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D.

Magistrate Judge Kelly's Report and Recommendation, ECF No. 6, filed on April 6, 2020, recommended that the Petition be dismissed pre-service as second or successive and that a certificate of appealability likewise be denied. Petitioner was informed that he could file Objections to the Report by April 23, 2020. Instead of filing "Objections," Petitioner filed what he captioned as a "Request for Reconsideration," ECF No. 8, which this Court shall treat as Objections.

After careful review of the Objections, we find nothing in those Objections merits rejection of the Report and Recommendation. The primary complaint which Petitioner makes is that the Report overlooks his claim of actual innocence. Petitioner's argument is both wrong, as

a factual matter, and misses the point.  The Report explicitly referenced Petitioner's argument about his alleged actual innocence.  ECF No. 6 at 2 ("Petitioner also raises an actual innocence claim based on evidence that was available at the time of his trial, namely the opinion of Dr. Larkin, one of Petitioner's defense pathologists who opined that Petitioner's second wife died of drowning and not strangulation.").  More importantly though, the alleged existence of new evidence of actual innocence does nothing to the Report's recommendation that the Petition be dismissed as second or successive.  It is to the United States Court of Appeals for the Third Circuit that Petitioner must present any such evidence of actual innocence  in the first instance and receive from that Court permission to file a second or successive Petition in this Court before he may file a second or successive petition in this Court.  <u>Daniels v. Wilson</u>, 2:06CV741, 2013 WL 3834636, at *5 (W.D. Pa. July 24, 2013)("Moreover, to the extent Petitioner is attempting to present new evidence before this Court, presumably demonstrating his actual innocence, he must also first seek permission with the Circuit to file a second or successive habeas petition. *See* 28 U.S.C. § 2244(b)(2)").

According, the following order is entered:

**IT IS HEREBY ORDERED** this 20th day of April 2020, after *de novo* review of the record and the Report and Recommendation, the Petition for Writ of Habeas Corpus is dismissed as second or successive.  A certificate of appealability is denied.  The Report and Recommendation is adopted as the opinion of the Court.

BY THE COURT:

s/ Arthur J. Schwab
ARTHUR J. SCHWAB
UNITED STATES DISTRICT JUDGE

cc: The Honorable Maureen P. Kelly
United States Magistrate Judge

TIMOTHY BOCZKOWSKI
EA 3797
SCI GREENE
175 PROGRESS DRIVE
WAYNESBURG, PA 15370-8089